IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-00534-01 CW |
| Plaintiff, | ORDER FOR PRETRIAL PREPARATION FOR CRIMINAL JURY TRIAL |
| v. | |
| ANTWAN QUILLIN, | |
| Defendant. | |

Good cause appearing, it is hereby ordered that:

1. TRIAL DATE

    a.  Jury trial will begin on **October 1, 2014, at 8:30 A.M.**, in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California.

    b.  The length of trial will be not more than 3 days.

2. DISCOVERY

    Both sides will comply with the Federal Rules of Criminal Procedure, Crim. L.R. 16-1, and the United States will comply with Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs 427 U.S. 97 (1976).

3. MOTIONS

    No pretrial motions, other than motions in limine, will be filed.

4. PRETRIAL CONFERENCE

    a.  A pretrial conference will be held on Monday, **September 15, 2014,** in Courtroom 2.  It shall be attended by the attorneys who will try the case.

      b.  **Not less than one week prior to the pretrial conference,** counsel shall comply with Crim. L.R. 17-1(b).

      c.  Jury instructions §1.1 through §1.12, §3.1 through §3.10 and §7.1 through §7.6 from the <u>most recent Manual of Model Jury Instructions for the Ninth Circuit</u> will be given absent objection. Counsel shall jointly submit one set of additional proposed jury instructions, ordered in a logical sequence, together with a table of contents, using the Ninth Circuit Manual where possible, **not less than one week prior to the pretrial conference**. Any instructions on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction. Counsel for the United States shall submit a verdict form. The attached questionnaire will be given to the venire members. Counsel may submit an agreed upon set of additional requested voir dire questions to be included in the questionnaire or posed by the Court. Any voir dire questions on which counsel cannot agree shall be submitted separately. Counsel may be allowed brief follow-up voir dire after the Court's questioning. Any motions <u>in limine</u> should be noticed for hearing at the pretrial conference in accordance with Criminal Local Rule 47-2. Each party's<u> motions in limine</u> shall be contained in a single document. The opposition shall also be contained in a single document.

    5.  <u>JURY SELECTION</u>

    The Jury Commissioner will summon 35 to 40 prospective jurors.

1 | The Courtroom Deputy will select their names at random and seat them
2 | in the courtroom in the order in which their names are called.  Copies
3 | of their questionnaires will be provided to counsel.
4 |    Voir dire will be asked of sufficient venire persons so that
5 | twelve (plus a sufficient number for alternates) will remain after all
6 | peremptory challenges and an anticipated number of hardship dismissals
7 | and cause challenges have been made.
8 |    The Court will then take cause challenges, and discuss hardship
9 | claims from the individual jurors, outside the presence of the venire.
10 | The Court will inform the attorneys which hardship claims and cause
11 | challenges will be granted, but will not announce those dismissals
12 | until the process is completed.  Peremptory challenges will be made
13 | in writing and passed between counsel in accordance with Crim. L.R.
14 | 24-2 and 24-3.  The Court will strike the persons with meritorious
15 | hardships, those excused for cause, and those challenged peremptorily,
16 | and call the first twelve people (plus alternates) in numerical
17 | sequence remaining.  Those people will be the jury.

Dated:   8/25/2014

CLAUDIA WILKEN
United States District Judge

## JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom of the page. If there is anything on this form that you do not want to talk about in open court, please write "Private" beside the question number. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. The city where you live: _____

4. Your place of birth: _____

5. Do you rent or own your own home? (circle one)   rent   own

6. Your marital status: (circle one)

    single    married    separated    divorced    widowed    live with partner

7. What is your occupation, and how long have you worked in it? (If you are retired, please write "retired" and describe your main occupation when you were working.)

    _____

8. Who is (or was) your employer?

    _____

9. How long have or did you work for this employer? _____

10. Please list the occupations of any adults with whom you live.

    _____

11. If you have children, please list their ages and sex and, if they are employed, please give their occupations.

    _____

    _____

12. Your educational background:

    Highest grade completed: _____

    College and/or vocational schools you have attended:

    _____

    _____

    Major areas of study:_____

13. Have you ever served on a jury before?

    _____Yes          _____No_____

    If yes, how many times in:

    State/County Court _____?  Federal Court _____?

    When?  _____

    Was it a civil or criminal case? _____

    Did the jury(ies) reach a verdict? _____

    Is there any reason that your prior jury service would affect your ability to be a fair, objective, and impartial to both sides here?

    ____Yes          ____No

14. Have you, or a close friend or family member, ever worked for a court or for any prosecution or criminal defense office, including a district attorney's office, United States Attorney's Office, public defender's office, or a private criminal defense attorney's office?

    ____Yes          ____No

15. Have you, or a close friend or family member, ever been employed by any law enforcement agency?

    ____Yes          ____No

16. Have you ever served in the military police or in courts martial?

    ____Yes          ____No

17. Are you acquainted with Judge Claudia Wilken, the judge in the case, or with any other jury panelist you see in the room?

    ____Yes         ____No

18. Have you, or a close friend or family member, been the victim of or witness to a crime?

    ____Yes         ____No

    If yes, please explain:

    _____

    _____

    _____

19. Have you, or a close friend or family member, ever been accused, arrested or convicted of any offense?

    ____Yes         ____No

    If yes, please explain:

    _____

    _____

    _____

20. Have you, or a close friend or family member, ever had a bad experience with a court or with law enforcement or the federal government?

    ____Yes         ____No

    If yes, please explain:

    _____

    _____

    _____

21. Do you believe law enforcement officers are either more or less likely to tell the truth than other witnesses because of their occupations?

    ____Yes          ____No

22. The defendant, attorneys and witnesses may be of various races, ethnicities and national origins. Would the race, ethnicity or national origin of the defendant, the attorneys, the witnesses or the law enforcement agents make it difficult for you to be a fair juror?

    ____Yes          ____No

23. In this case, the government alleges that the defendant _____
    _____.
    Is there anything about the nature of this case that would make it difficult for you to be a fair and impartial juror?

    ___Yes           ____No

    If yes, please explain:

    _____

    _____

    _____

24. Do you understand the principles that a defendant in a criminal case is presumed to be innocent unless proven guilty and that the burden of proof is upon the government to prove guilt beyond a reasonable doubt before there can be a conviction?

    ____Yes          ____No

25. Would you have trouble presuming the defendant to be innocent?

    ____Yes          ____No

26. Because the defendant is presumed innocent and the burden of proof is on the government to prove guilt beyond a reasonable doubt, the defendant need not testify, or present any witnesses or evidence. In fact, the defendant has a constitutional right not to testify, to rely upon the presumption of innocence. Will you be unable to give the defendant the benefit of the presumption of innocence if he chooses not to testify or present witnesses or evidence?

    ____Yes          ____No

27. If, at the end of the case, you believed that the defendant was guilty beyond a reasonable doubt, would you be unable to return a verdict of guilty?

    ____Yes          ____No

28. If, at the end of the case, you had a reasonable doubt as to the defendant's guilt, would you be able to return a verdict of not guilty?

    ____Yes          ____No

29. Will you be unable to follow the law as the court gives it to you, if you disagree with it or think it should be different?

    ____Yes          ____No

30. Do you have any problem, based upon doctrine of your religion, with sitting in judgment of another's conduct in a court of law in this or any other criminal case?

    ____Yes          ____No

31. Is there any other reason, not addressed above, that would make it difficult for you to be a fair and impartial juror in this case?

    ____Yes          ____No

    If yes, please explain:

    _____

    _____

    _____

32. Attached is a list of the parties, agents, investigators, attorneys, potential witnesses and other people connected with this case. Do you think you might know any of these people?

    ____Yes          ____No

    If yes, please place a checkmark by the name(s).

VERIFICATION

I,_____, declare under penalty of perjury
   PRINT FULL NAME

under the laws of the State of California and the United States of America, that the foregoing responses I have given on this juror questionnaire, and on any attached sheets, are true and correct to the best of my knowledge and belief.

_____      _____
   DATE                              SIGNATURE

**List of Parties, Agents, Investigators, Potential Witnesses and Other People Connected With This Case**

(Defendant's Attorney)
(Assistant United States Attorney)